# EXHIBIT 1



November 15, 2017

Trainor, Julie Anne (Julie Anne)
Federal Account Director
Employee Number L00199097

Dear Julie Anne,

We are pleased to offer you an opportunity to join the leadership team of the new combined company in connection with the merger of CenturyLink and Level 3 Communications, Inc. (the "Merger"). The CenturyLink Senior Leadership Team is excited for the opportunity of the combined company and looks forward to your contributions to our success. Please carefully review the terms of this offer, as outlined in this letter, obtain any advice you believe is necessary for you to consider the offer, and ask any questions you may have.

This letter is to offer you the following position:

| Position Title | Dir Sales I (Federal) |
|---|---|
| Work Location | Ashburn, VA |

CONFIDENTIAL/PROPRIETARY INFORMATION



CONFIDENTIAL/PROPRIETARY INFORMATION

**Acceptance of the Offer**
If you accept this offer, you understand and agree that you will not have any right to severance benefits under the Severance Plan or any other severance or equity program maintained by Level 3 or CenturyLink. You will retain all other severance rights that you currently have with respect to any subsequently communicated changes (i.e., any changes not described in this letter).

In the event that you decline this offer, your employment will terminate upon a date agreed to by you and CenturyLink. In this case, you will preserve any rights you may have under any applicable severance plan, policy or arrangement. Please see the "Severance Plans" section above and/or call your Human Resources Business Partner if you have any questions about the applicable severance plan, policy or arrangement.

Regardless of whether you accept or decline this offer, CenturyLink may terminate or modify the terms of your employment at any time, subject to the terms and conditions of the Severance Plan or any applicable equity compensation plans, equity grant agreements, or other employee health, welfare, retirement or benefit plan.

This offer supersedes any prior offers, understandings or representations regarding the terms of your employment with CenturyLink, and the terms of this offer cannot be altered or changed except by a written document that has been approved and signed by me or Glen Post.

Please electronically accept or decline this offer as soon as possible, but not later than five business days after the date of this letter. If you have been asked to relocate, and you need additional time to consider this offer, please speak with your HR Business Partner. Please keep a copy of the signed document for your records.

I join the entire CenturyLink Senior Leadership Team in welcoming you to your new role in the merged company and wishing you continued success.

Sincerely,

Scott Trezise

Scott Trezise
Executive Vice President, Human Resources

Encl.

**Acceptance of Offer**

**I have read and understand the terms of this letter and hereby accept the Offer of employment and all of the terms and conditions outlined therein. By accepting this Offer, I voluntarily and irrevocably waive all rights to claim or obtain severance benefits (due to a good reason resignation, refusal of a non-comparable job offer or any other reason) under any Severance plan, policy or arrangement due to the changes in my position, compensation and/or location outlined in this letter.**

I understand that this waiver applies only to the terms and conditions set forth in this letter and is contingent upon my being placed in the position described in this letter with the responsibilities described in this letter.

DocuSigned by:
Julie Anne Trainor
D5B88ICA1D844CB...

SIGNED: ______________________ DATE: 11/15/2017

**Rejection of Offer**

**I decline the offer extended in this letter and preserve all of my rights under any applicable severance plan, policy or arrangement**.

SIGNED: ______________________ DATE: 11/15/2017

**OFFER LETTER ATTACHMENT**
**Additional Requirements and Agreements**

As used in this Attachment, "CenturyLink" means any subsidiary or affiliate of CenturyLink, Inc. (including subsidiaries and affiliates of CenturyTel, Embarq, Qwest, Savvis, or Level 3), and any predecessor or successor to those subsidiaries or affiliates.

**By signing below, you hereby agree to the following, each of which is a condition of your employment:**

CONFIDENTIAL/PROPRIETARY INFORMATION

DocuSign Envelope ID: 451FFE49-88C4-48FC-BB50-DFCAFE8B16DC
Page 6

CONFIDENTIAL/PROPRIETARY INFORMATION

CONFIDENTIAL/PROPRIETARY INFORMATION

**JURY TRIAL AND CLASS ACTION WAIVER – COURT PROCEEDINGS**
To the extent permissible by law, you voluntarily, knowingly and intelligently waive any right you may have to a jury trial with respect to any Claims (as that term is defined in the following paragraph). CenturyLink also voluntarily, knowingly and intelligently waives any right it may have to a jury trial with respect to any Claims. Thus, the parties hereby agree to litigate any Claims in a court of competent jurisdiction, but agree to relinquish the right to a trial before a jury. You and CenturyLink also expressly agree to bring claims against one another only in an individual capacity, and not as a Plaintiff or class member in any purported class, collective, or representative action. You and CenturyLink waive the right to collect money damages in any class or collective action against the other with respect to any Claims. If for any reason either the jury trial waiver or the class action waiver of this "Jury Trial and Class Action Waiver – Court Proceedings" section is held to be unenforceable, ***but only in that event***, you and CenturyLink agree to binding arbitration of any Claims, pursuant to the arbitration terms set forth on the attached Exhibit 1.

The term "Claims," as used herein, means any claim, controversy or dispute between you and CenturyLink relating in any way to your hiring, employment, compensation, terms and conditions of employment, the termination of your employment, or the interpretation of your offer letter or any attachment to it, whether sounding in contract, statute, tort, fraud, misrepresentation, discrimination or any other legal theory. It includes claims under: Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Age Discrimination in Employment Act of 1967, as amended; 42 U.S.C. sections 1981, 1981a, 1983, 1985, or 1988; the Family and Medical Leave Act of 1993; the Americans with Disabilities Act of 1990, as amended; the Rehabilitation Act of 1973, as amended; the Fair Labor Standards Act of 1938, as amended; the Employee Retirement Income Security Act of 1974, as amended, whether individual or on behalf of the plans; or any other similar federal, state, or local law or regulation.

You confirm that you have read and understand the terms of this Attachment, have had an opportunity to ask questions and seek the assistance of legal counsel regarding its terms, and are not relying upon any advice from CenturyLink in this regard.

**Exhibit 1 to this Attachment contains an agreement to arbitrate disputes. CenturyLink asks that you read it in its entirety. By signing below, you affirm your understanding of and your agreement to the terms and conditions set forth herein, including those set out in Exhibit 1, and you hereby accept this offer of employment:**

Signature: DocuSigned by: Julie Anne Trainor D5B888CA1DB44CB... Date: 11/15/2017

**EXHIBIT 1 to the OFFER LETTER ATTACHMENT**
**AGREEMENT FOR ARBITRATION**

If for any reason the Jury Trial or Class Action Waiver contained in the foregoing Offer Letter Attachment (the "Attachment") is held to be unenforceable, but only in that event, you agree that any Claim (as defined in the Attachment) shall be resolved by individual binding arbitration pursuant to the terms of this Exhibit 1. **In that event, you voluntarily, knowingly, intelligently and irrevocably waive (i) any right you may otherwise have to seek remedies in court or other non-arbitral forums, except as set out herein, including the right to a jury trial, (ii) any right to assert claims for relief in or participate as a claimant, class representative or class member in any class, collective or representative proceeding, and (iii) any right to seek or recover money damages in any collective or class action. CenturyLink also hereby voluntarily, knowingly, intelligently and irrevocably waives any right it might otherwise have to seek remedies against you in court or other non-arbitral forums, including the right to a jury trial.**

If you would be legally required to exhaust administrative remedies before obtaining legal relief, you can and must exhaust such administrative remedies prior to pursuing arbitration. The only legal claims between you and CenturyLink that are not included within this Agreement for Arbitration are claims by you for workers' compensation or unemployment compensation benefits.

The Federal Arbitration Act, 9 U. S.C. §§ 1-16 (the "FAA") shall govern the arbitrability of all Claims, unless otherwise specifically provided in this Exhibit 1, provided that they are enforceable under the FAA, as it may be amended from time to time. To the extent the FAA does not apply or govern, Colorado law shall apply. In the event Colorado law may not lawfully be applied, the law of the state in which you principally performed the duties of your position with CenturyLink shall apply. Additionally, the substantive law of Colorado, to the extent it is consistent with the terms stated in this Attachment, shall apply to any common law claims. This Agreement for Arbitration supersedes any prior arbitration agreement between you and CenturyLink.

A single arbitrator will conduct the arbitration under the applicable rules and procedures of the Judicial Arbitration and Mediation Services Inc. ("JAMS") Employment Arbitration Rules and Procedures in effect when the demand for arbitration is filed (*see* www.jamsadr.com for additional information). The parties shall mutually agree upon an arbitrator and a location for the arbitration within the state where you work or worked for CenturyLink at the time the dispute arose. Other than as set forth herein, the arbitrator shall have no authority to add to, detract from, change, amend, or modify existing law. The arbitrator shall have the authority to order such discovery as is necessary for a fair resolution of the dispute. The arbitrator may award punitive damages, where provided for by statute or the common law, subject to applicable caps (including but not limited to those set forth in 42 U.S.C. Section 1981a), regardless of any limitations imposed by federal, state, or local laws regarding punitive damage awards in arbitration proceedings. All arbitration proceedings, including without limitation, settlements under this Agreement for Arbitration will be confidential. You shall not be required to pay more than One Hundred Twenty-five Dollars of the arbitrator's total fees and expenses. The prevailing party in any arbitration shall be entitled to receive reasonable attorneys' fees as provided by law. The arbitrator's decision and award shall be final and binding, as to all claims that were, or could have been raised in the arbitration, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof. The arbitrator's award shall be in writing and shall reveal the essential findings and conclusions on which the award is based. If any party hereto files a judicial or administrative action asserting claims subject to this Agreement for Arbitration, and another party successfully stays such action and/or compels arbitration of such claims, the party filing said action shall pay the other party's costs and expenses incurred in seeking such stay and/or compelling arbitration, not to exceed two thousand, five hundred dollars.

You and CenturyLink agree that this Exhibit 1 prohibits the arbitrator from consolidating the claims of others into one proceeding. This means that the parties agree that arbitrator will hear only individual claims and does not have the authority to fashion a proceeding as a class, representative or collective action or to award relief to a group of employees in one proceeding. Only a court, and not the arbitrator, shall have the authority to rule on the enforceability or legality of this Exhibit 1 provision waiving class, collective or representative actions.

If any court or arbitrator rules that the class, collective and representative action waiver in this Exhibit 1 is unenforceable, then the parties agree that any dispute between them will return to, and proceed, in a court of competent jurisdiction, not arbitration.

You may opt out of the arbitration agreement contained in this Exhibit 1, but not out of remaining terms of the Offer Letter Attachment, by completing and signing an Opt-Out Form and delivering it to the Human Resources business partner identified in the attached offer letter within 30 days of signing this agreement. You may obtain an Opt-Out form from Human Resources business partner identified in the attached offer letter. If you do not opt out of this Exhibit 1, you will be deemed to have accepted its terms.

**Exception to Agreement for Arbitration for Sarbanes-Oxley (SOX) whistleblower claims**. This Agreement for Arbitration does not require arbitration of any claims to enforce rights or remedies provided by 18 U.S.C. § 1514A.

**Exception to Agreement for Arbitration for Employees Performing Work on Certain Federal Contracts: If you are being hired to perform work on a Federal contract that is: (1) in excess of $1,000,000; (2) awarded after February 17, 2010; and (3) funded under the Department of Defense Appropriations Act of 2010, then you are not required, as a condition of employment, to resolve through arbitration any claim under Title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision or retention.**

**All other Claims, other than those expressly covered by the above Exceptions in this Agreement, remain subject to this Agreement for Arbitration.**